786 P.2d 548

**Ralph H. SAWYER, Jr., Individually and as the Personal Representative of William Sawyer, a/k/a William F. Sawyer, Deceased; and June Sawyer, Plaintiffs–Appellants,**

v.

**Wayne Elbert CLAAR, Defendant–Respondent.**

No. 17971.

Supreme Court of Idaho.

Jan. 15, 1990.

William B. Taylor, Jr., Grangeville, for plaintiffs-appellants.

Clements, Brown & McNichols, Lewiston, for defendant-respondent. Michael E. McNichols argued.

JOHNSON, Justice.

This case was appealed from an order of the trial court denying the motion of the Sawyers for a new trial on the ground that the verdict of the jury was inadequate. We assigned the case to the Court of Appeals, which issued an opinion holding (1) that the trial court correctly followed the standards for considering the motion (part I) but (2) that the order was vacated and the case remanded to the trial court "to identify the particular facts, if any, which rationally explain" the jury's verdict (part II). *Sawyer v. Claar*, 115 Idaho 322, 329, 766 P.2d 792, 799 (1988).

Claar requested review of the decision of the Court of Appeals by this Court, and we granted review.

We have reviewed and considered the briefs, the record, the transcript, the exhibits, and the opinion of the Court of Appeals. We have also listened to and considered the oral arguments of the parties that were presented to us. Based on this review and consideration, we concur with part I of the opinion of the Court of Appeals, which held that the trial court did not err in the manner in which the decision to deny the motion for new trial was reached. In this part of its opinion the Court of Appeals correctly applied I.R.C.P. 59(a)(5) and the decisions of this Court establishing the standards to be followed by our trial courts in considering motions for new trial under this rule.

In part II of its opinion the Court of Appeals held that although the trial court reached a decision to deny the motion for new trial "in a permissible manner," the decision was not a "sound exercise of discretion," because the verdict fell below "a range of reasonable expectation." 115 Idaho at 325, 328, 766 P.2d at 795, 798. In doing so, the Court of Appeals concluded that the verdict was "so low that it is analogous to a result beyond the second deviation." The reference to "the second deviation" was to a statistical method for measuring the variability of data. *Id.* at 328, 766 P.2d at 798. We reject part II of the opinion of the Court of Appeals as injecting an erroneous element into the methods this Court has prescribed for our trial courts in deciding motions for new trial under I.R.C.P. 59(a)(5). Our trial judges are not required to be statisticians. We will not measure the result of their consideration of these motions by reference to statistical analysis based on verdicts in other cases nor by reference to the opinion of appellate judges as to the adequacy of the verdict.

We affirm the order of the trial court denying the Sawyers' motion for new trial on the basis of the rationale contained in part I of the opinion of the Court of Appeals.

Costs on appeal to respondent.

BAKES, C.J., and BOYLE and McDEVITT, JJ., concur.

BOYLE, Justice, specially concurring.

Due to the unique facts and circumstances presented in this appeal I feel it is necessary to comment by way of special concurrence. At first glance this verdict in a death action appears to be low, however, a careful review of the record reveals that no evidence of special damages or economic loss was presented at trial other than the stipulated $2,000.00 funeral bill. Decedent was an unmarried, twenty-nine year old man with no dependents. The jury found him to be 25% contributorily negligent, presumably because of his intoxication and the manner in which he was operating his vehicle at the time of his death.

In ruling on the motion for a new trial, the district judge carefully and properly applied the principles set forth in *Dinneen v. Finch* and other cases issued by this Court, and concluded that the jury verdict should not be modified.

Due to respect for the function and responsibility entrusted to the jury as the ultimate trier of fact, the deference which I believe should be afforded to jury verdicts under our system of jurisprudence, and in particular the unique facts of this case and the limited economic loss and damage evidence presented at trial, I am of the opinion that the jury verdict, although modest, reflects the evidence presented at trial and should be allowed to stand.

BISTLINE, Justice, dissenting:

One cannot readily join an opinion which seemingly chooses to ignore addressing the merits of the case in favor of making a frontal attack upon the statistical terminology utilized by the Court of Appeals to illustrate its analysis. A rose is a rose is a rose, and whether one says that the jury's verdict is below the second deviation or whether one sees a verdict so low that it gives the appearance of having been the result of passion or prejudice, the fact remains that this verdict does not withstand scrutiny under the standards this Court has heretofore enunciated; hence the verdict should be vacated, as the Court of Appeals held.

The majority is not wrong in positing that we do not and should not require of our trial judges that they be statisticians. However, I am unable to agree with the majority's assertion that Judge Burnett's reference to the second deviation amounts to an attempt at imposing such an onerous requirement on the trial courts. Rather, it is believed that the trial bench and bar will see Judge Burnett's opinion as a textbook example which demonstrates how established precedent can be applied to a case at bar.

In *Dinneen v. Finch*, 100 Idaho 620, 603 P.2d 575 (1979), this Court set forth the standard of review where a motion for new

trial is based on a damage award which is challenged as either excessive or inadequate. The Court in *Dinneen* stated:

> Where a motion for a new trial is premised on inadequate or excessive damages, the trial court *must* weigh the evidence and then compare the jury's award to what [it] would have given had there been no jury. If the disparity is so great that it appears to the trial court that the award was given under the influence of passion or prejudice, the verdict ought not stand. It need not be proven that there was in fact passion or prejudice nor is it necessary to point to such in the record. The appearance of such is sufficient. A trial court is not restricted to ruling a verdict inadequate or excessive 'as a matter of law.' [Citations omitted.] Additionally, the rule that a verdict will not be set aside when supported by substantial but conflicting evidence has no application to a trial court ruling upon a motion for a new trial. [Citations omitted.]
>
> This review is the duty of the trial court and should not be left for appeal. The trial court has a far better opportunity to weigh the demeanor, credibility, and testimony of witnesses, and the persuasiveness of all the evidence. [Citations omitted.] Appellate review is more limited. While we must review the evidence, we are not in a position to 'weigh' it as a trial court can. Rather, the power of this Court over excessive damages exists only when the facts are such that the excess or inadequacy appears as a matter of law. [Citations omitted.]

*Dinneen,* 100 Idaho 625–26, 603 P.2d 580–81. Judge Burnett's opinion faithfully adheres to the *Dinneen* standard. Part I examines the decision of the trial court in light of the *Dinneen* decision, and concludes that "the judge's analysis closely tracked the standards grafted upon I.R. C.P. 59(a)(5) by our Supreme Court in *Dinneen* and *Quick* [*v. Crane*, 111 Idaho 759, 727 P.2d 1187 (1986)]. We discern no reversible error in the manner by which his decision was reached." *Sawyer v. Claar*, 115 Idaho 322, 325, 766 P.2d 792, 795 (Ct. App.1988).

Part II of the Court of Appeals opinion states correctly that

> [t]his conclusion does not end our inquiry. Although the judge reached his decision in a permissible manner, the next question is whether the decision itself—allowing the jury's award of damages to stand—was a sound exercise of discretion.... The trial judge in this case conceded that the verdict was strikingly low, but he declined to find passion or prejudice on that basis. The question, then, is whether the jury's award was so low that injustice was manifest and passion or prejudice should have been presumed.

*Sawyer*, 115 Idaho at 325, 766 P.2d at 795. Again, this statement closely parallels the statement of law in *Dinneen.*

The opinion then reviews the facts which were before the trial court and evaluates those facts in light of a thorough examination of the case law and damage awards in wrongful death cases with similar facts. Based on that evaluation, the opinion notes that "[t]his verdict resembles awards made a half-century ago, when wrongful death recoveries were notoriously small." In contrast, says the court, "[t]he recent trend has been toward greater recoveries," and while "[s]ome low awards still appear in the case reports ... these awards are increasingly rare; even so, they are higher than the verdict in this case, when expressed in constant dollars." *Sawyer*, 115 Idaho at 327–28, 766 P.2d at 797–98. So far, *Dinneen* has been followed to the letter.

It is at this point that the opinion makes the statistical reference which seems to have been found offensive. In the course of stating the conclusion that "[t]he instant case is an aberration from the pattern," Judge Burnett writes innocuously only that "[o]ur conclusion *can be expressed* in the parlance of statistical analysis." *Sawyer*, 115 Idaho at 328, 766 P.2d at 798 (emphasis mine). The opinion goes on to explain the concepts of bell curves and standard deviations. It then states that statistical results which fall more than two standard devia-

tions from the mean reflect some aberration.

In sum, says the Court of Appeals,

In the case at hand, *we have not applied a standard deviation analysis.* The record does not contain, and our research has not revealed, an adequate data base of verdicts in closely similar cases. However, we think this methodology *may* be useful *in future cases* where the data are available. For our purposes today, we deem it sufficient to say that the award here is so low that it is *analogous* to a result beyond the second deviation. *It strongly suggests, in and of itself, an improper factor in the jury's decision.*

We are mindful that the jury is the 'voice of the community.' ... Nonetheless, justice should not be an entirely uncontrolled roll of the dice. Verdicts that clearly fall below a range of reasonable expectation cannot be accepted without careful scrutiny. In our view, the award in this case is outside the range. It is unacceptable unless it can be cogently justified by some unique facts which we have failed to discern from the record.

*Sawyer,* 115 Idaho at 328, 766 P.2d at 798 (emphasis mine). The majority's consternation regarding the language quoted above is not readily understood. Clearly the Court of Appeals was adhering to the *Dinneen* standard: It found as a matter of law that the jury's verdict was unacceptably low, based on the record and existing case law. Accepting that it is the prerogative of the majority to disapprove of the Court of Appeals casting its conclusions in statistical terms, such was insufficient reason for *discarding the whole opinion and then failing to address the merits.* Today's opinion may be seen by some members of the trial bar, especially counsel for the plaintiff in the *Dinneen* case, as a giant backward step in Idaho jurisprudence. It cannot but be observed that there is a great discrepancy between the outcome of the *Dinneen* appeal and the damages ulti-

mately recovered in this far more serious wrongful death action for the loss of a son.