840 P.2d 392

**Donald L. PRATTON and Alithea G. Pratton, husband and wife, Plaintiffs–Respondents,**

v.

**Jack GAGE, Defendant–Appellant,**

and

**Jerre Stevens, Does I–V, inclusive, Defendants.**

**No. 19050.**

Supreme Court of Idaho, Boise, March 1992 Term.

Oct. 27, 1992.

Everett D. Hofmeister, Coeur d'Alene, for defendant-appellant.

Hugh G. Jacobs, Hayden Lake, for plaintiffs-respondents.

REINHARDT, District Judge.

On the evening of August 5, 1985, Donald and Alithea Pratton were driving on Highway 95 in rural Bonner County when their vehicle collided with a calf belonging to the defendant, Jack Gage, which had wandered onto the highway. The Prattons filed a complaint seeking damages for Donald Pratton's personal injury and lost income, Alithea Pratton's loss of consortium, and their loss of personal property. Defendants claimed the plaintiffs were contributorily negligent in driving with their headlights on low beam. Because the accident

occurred in open range they also denied liability for any damages.

The trial court ruled as a matter of law that the collision had not occurred in open range. The jury found no negligence attributable to the defendant Jorie Stevens, but assessed defendant Jack Gage with being seventy percent negligent and plaintiff Donald Pratton thirty percent negligent. The jury awarded Donald Pratton the sum of $5,952.40. No damages were awarded to Alithea Pratton.

The Prattons moved for a new trial or, alternatively, for judgment notwithstanding the verdict as to the defendant Gage, claiming that the award was inadequate. In granting the plaintiff's motion for a new trial, the trial court made the following findings:

> The reasons for granting a new trial are in my view that the jury awarded inadequate damages and their verdict appears to have been given under the influence of passion or prejudice. I make no comment about what that might have been. That's speculation. All that's necessary to be shown is that because of the damage award the verdict appears and it does so appear to me in this case.

The trial court ordered a new trial on all issues pursuant to I.R.C.P. 59(a)(5); defendant Gage now appeals from that order.

The predominant issues are whether the trial court abused its discretion in granting the new trial, and whether the grounds stated for granting the motion were adequate under the requirements of the Idaho Rules of Civil Procedure. We conclude that the trial court, in granting the motion for new trial, failed to demonstrate that it had weighed the evidence to determine the amount which it would have awarded and compared that amount with the jury's award. Therefore, we remand the case to the trial court for a ruling on this integral aspect of the motion for new trial.

## I.

### STANDARD OF REVIEW

■ The standard of review which is to be exercised by an appellate court reviewing the grant or denial of a motion for new trial is well settled. Because the trial court is in a far better position to weigh the persuasiveness of all the evidence and the demeanor, credibility, and testimony of witnesses, this Court has consistently held that the trial court's grant or denial of such motions must be upheld unless the court has manifestly abused the wide discretion vested in it. *Quick v. Crane*, 111 Idaho 759, 770, 727 P.2d 1187, 1198 (1986), citing *Tibbs v. City of Sandpoint*, 100 Idaho 667, 669, 603 P.2d 1001, 1003 (1979), and *Seppi v. Betty*, 99 Idaho 186, 189, 579 P.2d 683, 686 (1978).

■ While this Court has expressed the view that the trial judge sits as a thirteenth juror armed with the power to override a jury verdict when he conceives that justice has not been done, *DeShazer v. Tompkins*, 93 Idaho 267, 460 P.2d 402 (1969), in *Quick*, we made it clear that a judge's damage award is not to be automatically substituted for that of the jury whenever the two are disparate. As we noted in *Sanchez v. Galey*, 112 Idaho 609, 733 P.2d 1234 (1987) (*Sanchez I*), the trial court may not merely substitute its opinion for that of the jury:

> Respect for the collective wisdom of the jury and the function entrusted to it under our constitution suggests the trial judge should, in most cases, accept the jury's findings even though he may have doubts about some of their conclusions.

*Sanchez*, 112 Idaho at 615, 733 P.2d at 1240, citing *Quick*, 111 Idaho at 768, 727 P.2d at 1196.

■ The judge does not have unlimited authority to disturb the verdict of a jury. Respect for the function of the jury prevents the granting of a new trial except in unusual circumstances.

> [S]ince it is a jury function to set the damage award based on its sense of fairness and justice, the trial judge must defer to the jury, *unless* it is apparent to the trial judge that there is a great disparity between the two damage awards and that disparity cannot be explained away as simply the product of two separate entities valuing the proof of the

plaintiff's injuries in two equally fair ways.

In other words, if the trial judge discovers that his determination of damages is so substantially different from that of the jury that he can *only* explain this difference as resulting from some unfair behavior, or what the law calls "passion or prejudice," on the part of the jury against one or some of the parties, then he should grant a new trial. How substantial this difference must be is impossible to formulate with any degree of accuracy. It will necessarily vary with the factual context of each case and the trial judge's sense of fairness and justice. (Emphasis in original).

*Quick v. Crane,* 111 Idaho 759, 769, 727 P.2d 1187, 1197 (1986).

## II.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN GRANTING PLAINTIFF'S MOTION FOR NEW TRIAL

As his first assignment of error, Gage argues that the trial court's granting Prattons' motion was an abuse of discretion in that the verdict was supported by the evidence adduced at trial.

The grounds for granting a new trial are controlled by I.R.C.P. 59(a), the relevant portions of which provide:

**Rule 59(a).  New trial—Amendment of judgment—Grounds.—A** new trial may be granted to all or any of the parties and on all or part of the issues in an action for any of the following reasons:

. . . .

5. Excessive damages or inadequate damages, appearing to have been given under the influence of passion or prejudice.

6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law.

In arguing that the trial judge erred in granting a new trial because the verdict was supported by the evidence, the appellant fails to recognize that different standards are applied to motions for new trial under Rules 59(a)(5) and 59(a)(6). These standards were most recently addressed by this Court in *O'Dell v. Basabe,* 119 Idaho 796, 810 P.2d 1082 (1991). In delineating the application of Rules 59(a)(5) and 59(a)(6), the *O'Dell* Court stated:

The logical analysis of our prior cases dealing with Rule 59(a) leads us to the conclusion that Rule 59(a)(5) applies to motions for *remittitur, additur, or a new trial on the issue of damages based upon excessive or inadequate damages. Sanchez v. Galey,* 112 Idaho 609, 733 P.2d 1234 (1987); *Quick v. Crane,* 111 Idaho at 770, 727 P.2d at 1198 (1986); *Dinneen v. Finch,* 100 Idaho 620, 603 P.2d 575 (1979). Rule 59(a)(6) applies when the verdict is questioned based upon insufficiency of the evidence or a verdict contrary to law. *Hake v. De-Lane,* 117 Idaho 1058, 793 P.2d 1230 (1990); *Robertson v. Richards,* 115 Idaho 628, 769 P.2d 505 (1987); *Quick v. Crane,* 111 Idaho at 766, 727 P.2d at 1194 (1986). (Emphasis in original).

*O'Dell,* 119 Idaho at 805, 810 P.2d at 1091.

Rule 59(a)(5) is applicable when damages are so excessive or inadequate as to appear to be the result of partiality by the jury. If the trial judge believes that the jury's award may only be explained as resulting from passion or prejudice, then he should grant a new trial under 59(a)(5). In *Sanchez,* this Court applied the rule of *Quick v. Crane* in analyzing an order of remittitur or in the alternative a new trial pursuant to I.R.C.P. 59(a)(5). The order was reversed because the trial court failed to specifically enter a finding that the amount of the jury verdict appeared to have been given under the influence of passion or prejudice:

We remand to the trial court so that it may enter findings of fact as to whether he was, in fact, shocked by the jury award, or found such award unconscionable so as to have the appearance that it was given under the influence of passion or prejudice.

*Sanchez,* 112 Idaho at 616, 733 P.2d at 1241.

The standard under Rule 59(a)(6) is totally different; under that section the trial court may grant a motion for new trial if it finds that the verdict is not supported by the evidence. Rule 59(a)(6) motions are analyzed under the test stated by this Court in *Blaine v. Byers*, which provides that the trial court may grant a new trial

> ... when it is satisfied the verdict is not supported by, or is contrary to, the evidence, or is convinced the verdict is not in accord with the clear weight of the evidence and that the ends of justice would be subserved by vacating it, or when the verdict is not in accord with either law or justice.

*Blaine v. Byers*, 91 Idaho 665, 671, 429 P.2d 397, 403 (1967).

In this case, the trial court granted the new trial under I.R.C.P. 59(a)(5). Under that section, the trial court is not required to find that the verdict was not supported by the evidence as a condition precedent to granting a new trial. Appellants' argument that the jury's verdict was supported by the evidence would be applicable had the trial court granted the motion under 59(a)(6), but it has no application when the new trial is based on 59(a)(5) as it was in this case. We therefore find no abuse of discretion on this basis.

## III.

## THE TRIAL COURT DID NOT MAKE SUFFICIENT FINDINGS FOR GRANT OF NEW TRIAL

As his second assignment of error, Gage claims that the trial court did not make sufficient findings to support his granting of a new trial under Rule 59(a)(5). We agree.

This Court initially established the standard to be followed by district courts when faced with a motion under I.R.C.P. 59(a)(5) in *Dinneen v. Finch*, 100 Idaho 620, 603 P.2d 575 (1979):

> A trial court in a jury trial hears exactly the same evidence as the jury hears, and makes his own inward assessments of credibility and weight. So, when after a trial the jury returns a verdict which is

thereafter assailed, either as excessive or as inadequate, the trial court's judgment is then called into play, requiring of him a *weighing* of the evidence. The sole question on a Rule 59(a)(5) motion is the amount of the jury's damage award, as compared to the amount of damages the trial court on his view of the evidence would have awarded. Where the disparity is so great as to suggest, but not necessarily establish, that the award is what might be expected of a jury acting under the influence of passion or prejudice, the court will in the interests of justice grant a new trial ... (Emphasis in original).

*Dinneen*, 100 Idaho at 624–25, 603 P.2d at 579–80.

This Court has consistently applied this standard since the *Dinneen* decision (most notably in the *Quick* and *Sanchez* cases) and recently reaffirmed it in the case of *Stewart v. Rice*, 120 Idaho 504, 817 P.2d 170 (1991).

■ It is now well established that when a motion for a new trial is premised on inadequate or excessive damages, the trial court *must* weigh the evidence and then compare the jury's award to what he would have given had there been no jury. If the disparity between the two amounts is so great that it appears that the award was given under the influence of passion or prejudice, a new trial should be granted. This is a subjective standard—the granting or denial of the new trial is premised on the trial judge's belief that the inadequacy or excessiveness of the award resulted from passion or prejudice.

In *Quick v. Crane*, this Court established the requirement that the trial court may not summarily grant or deny new trials, but must state its reasons for granting or denying the motion:

> An appellate court should not focus primarily upon the outcome of the discretionary decision below, but upon the process by which the trial judge reached his decision. *In order for the appellate court to perform this function properly, it must be informed of the reasons for the court's decision. Unless those*

*reasons are obvious from the record itself, they must be stated by the trial judge.*

....

Of necessity, when the trial court grants one of these motions, it should state its reasons with particularity unless it is obvious from the record itself. (Emphasis in original).

*Quick,* 111 Idaho at 772–73, 727 P.2d at 1200–01. The degree of particularity required was addressed in *O'Dell v. Basabe:*

> The requirement of *Quick v. Crane,* that the trial court must "state its particular reasons" for granting a motion for new trial is met when there is an adequate explanation to allow the reviewing court to understand the basis upon which the action was taken. The trial court must state both the factual basis for its decision and the particular rule of the Idaho Rules of Civil Procedure under which it is acting.

*O'Dell,* 119 Idaho at 809, 810 P.2d at 1095.

In this case, the trial court declared that the motion was being granted under I.R.C.P. 59(a)(5), then stated that his reasons for granting a new trial were "that the jury awarded inadequate damages and their verdict appears to have been given under the influence of passion or prejudice." Such a conclusory statement, unsupported by the identification of any factual basis, is not adequate to illuminate for this Court the rationale for the trial court's findings.

The Prattons argue that the trial court's reasons for granting the record are obvious from the record; we do not find that to be the case. This argument is based primarily on the belief that the jury disregarded the uncontroverted testimony of their medical expert witness, an issue which we recently addressed in *Stewart v. Rice,* 120 Idaho 504, 817 P.2d 170 (1991). In that case, the plaintiff similarly argued for a new trial based on a belief that the jury had not given sufficient weight to expert medical testimony. In noting that the *Stewart* jury could well have found that the plaintiff's injuries were not caused solely by the accident in question, we held that a new trial is not necessary merely because the jury did not award all of the special damages supported by the testimony of the doctors who treated the injured party, even though that testimony was not contradicted by other expert testimony. *Stewart,* 120 Idaho at 508, 817 P.2d at 175. A review of the record in this case also indicates a possibility that the jury, as the trier of fact, merely found that the collision in question was not the proximate cause of Donald Pratton's injuries. Therefore, the reasons for granting a new trial are not, to this Court, obvious from the record.

█ In finding that the verdict appeared to have been given under the influence of passion or prejudice, the trial court properly identified the language required by Rule 59(a)(5). It is not sufficient, however, to merely recite the language of the statute. While the trial court is not required to state the dollar amount it would have awarded, *Sawyer v. Claar,* 115 Idaho 322, 324, 766 P.2d 792, 794 (Ct.App.1988), *reh'g granted,* 117 Idaho 157, 786 P.2d 548 (1990), the ruling must show that the trial court has weighed the evidence, determined the amount he would have awarded, compared that amount with the jury's award, and found a disparity so great that it shocks the conscience of the court. *Stewart v. Rice,* 120 Idaho 504, 509, 817 P.2d 170, 175 (1991).

█ There is no indication from the record that the trial court engaged in the required analysis, and therefore, we remand to the district court for reconsideration according to the procedures specified in *Dinneen,* and followed in *Quick, Sanchez I, Sanchez II,* 115 Idaho 1064, 772 P.2d 702 (1989), *O'Dell* and *Stewart.*

BAKES, CJ., and BISTLINE, JOHNSON and McDEVITT, JJ. concur.