961 P.2d 647

Susan M. COLLINS, Plaintiff–
Respondent,

v.

Cynthia Ann JONES, Defendant–
Appellant.

No. 23574.

Supreme Court of Idaho,
Twin Falls, 1998 March Term.

June 26, 1998.

Cox, Ohman & Brandstetter, Chd., Idaho Falls, for appellant. John M. Ohman argued.

Petersen, Parkinson & Dewey, Idaho Falls, for respondent. John C. Dewey argued.

SILAK, Justice.

This case involves an appeal from the following post-trial orders after a civil jury trial in which judgment was entered for: an order granting a new trial or in the alternative an additur; and an order that the respondent was the prevailing party and that appellant would not be awarded costs under Idaho Rule of Civil Procedure 68. We affirm the orders of the district court.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Appellant Cynthia Ann Jones (Jones) was involved in a vehicle accident in which respondent Susan M. Collins (Collins) was injured. This was a low impact accident in which the vehicles collided at about two miles per hour. Collins's bumper was replaced at a cost of '$198.60. Jones never contested liability but maintained that the injuries were preexisting and were not caused by the accident.

Collins sought compensation for medical expenses, future medical expenses, lost wages, and pain and suffering. There was medical evidence that Collins had medical conditions prior to the accident.

Prior to trial, Jones made an offer of judgment to Collins in the sum of $2,500.00 pursuant to I.R.C.P. 68. Collins rejected the offer. Following a jury trial, the jury awarded Collins the sum of $1,896.49. Upon a motion for a new trial or in the alternative for an additur, the district court granted an additur in the amount of $3,655.96, or in the alternative a new trial. The district court determined that with the additur, the judgment would be for $5,552.45 which exceeded the $2,500.00 offer and therefore, I.R.C.P. 68 would not apply to require the offeree (Collins) to pay the offeror's (Jones) costs and attorney fees. Additionally, the district court found that with the additur, Collins was the prevailing party and therefore denied all costs and attorney fees to Jones. The dis-

trict court did not award any attorney fees or costs to Collins. This appeal followed.

## II.

## ISSUES ON APPEAL

Jones raises the following issues on appeal:

(1) Whether the district court abused its discretion in awarding an additur or in the alternative a new trial.

(2) Whether the district court erred in concluding that Collins was the prevailing party.

(3) Whether the district court erred by determining that Jones was not entitled to costs under I.R.C.P. 68.

(4) Whether Jones is entitled to attorney fees on appeal.

Collins raises the following additional issue on appeal:

(5) Is Collins entitled to attorney fees on appeal pursuant to Idaho Code Section 12–121, Idaho Rule of Civil Procedure 54(e)(1), Idaho Appellate Rule 41, and existing case law?

## III.

## ANALYSIS

**A. The District Court Did Not Err In Granting A New Trial Or In The Alternative An Additur.**

Whether the trial court was correct in granting a new trial or in the alternative an additur is reviewed under an abuse of discretion standard. *Pratton v. Gage,* 122 Idaho 848, 850, 840 P.2d 392, 394 (1992). Orders granting new trials conditioned upon the acceptance or rejection of an additur are appealable as a matter of right, and the party appealing may appeal the order without accepting or rejecting the additur. I.A.R. 11(a)(5); I.R.C.P. 59.1(a). Such party shall not be required to accept or reject the additur until the appeal is determined. I.R.C.P. 59.1(a)

When the trial court believes that the jury award was based on substantial and competent evidence, but the damage award was based on passion and prejudice, a new

trial or additur is appropriately granted under I.R.C.P. 59(a)(5). *Sanchez v. Galey,* 112 Idaho 609, 615, 733 P.2d 1234, 1240 (1986). When determining if the jury award was proper, the trial court is not to merely substitute its opinion for that of the jury, but is to look to the disparity and determine if the disparity shocks the conscience of the court. *Id.* This standard is subjective, based on the trial court's belief that the amount of the award was inadequate or excessive. *Pratton,* 122 Idaho at 852, 840 P.2d at 396.

How substantial the disparity must be differs with each factual context and with the trial judge's sense of fairness and justice. *Quick v. Crane,* 111 Idaho 759, 769, 727 P.2d 1187, 1197 (1986). It is the trial court's duty to weigh the evidence and make an assessment of the credibility and weight of that evidence. *Id.* at 768–69, 727 P.2d at 1196–97 (quoting *Dinneen v. Finch,* 100 Idaho 620, 624–25, 603 P.2d 575, 579–80 (1979)). If in the trial judge's determination his or her award differs so substantially from the jury's award that the difference can only be explained because of unjust behavior, a new trial or additur should be granted. *Id.* at 769, 727 P.2d at 1197.

When granting or denying a motion for a new trial, the trial court must state its reasons unless the reasons are obvious from the record. *Id.* at 772, 727 P.2d at 1200. In *Pratton,* this Court stated that "a conclusory statement, unsupported by the identification of any factual basis, is not adequate to illuminate for this Court the rationale for" granting a new trial. *Pratton,* 122 Idaho at 853, 840 P.2d at 397.

The district court in this case adequately explained its reasoning for granting the additur or in the alternative a new trial. The district court determined that Collins had proven medical bills of at least $2,088.13. Additionally, the district court determined that Collins had lost wages and that some damages should have been awarded for pain and suffering. The district court stated that "the fact that the jury did not award any money for wage loss, ..., or for pain and suffering, suggests to the Court that the jury operated under the influence of passion or

prejudice." Jones argues that the court failed to state with specificity why it granted an additur. We disagree, for the record reflects that the district judge analyzed each element of damages and the amount that he would have awarded.

Although the jury verdict was a lump sum, it can be presumed that if medical bills of $2,088.13 were proven, that the jury's award of $1,896.49 did not include any damages for lost wages, loss of earning capacity, or pain and suffering. The district court determined that since the total amount the jury awarded was less than half of what he would have awarded, the award shocked the conscience of the court. Based on the detailed analysis and reasoning of the district court, we do not believe that the district court abused its discretion in granting the additur or in the alternative a new trial. The district court demonstrated that it understood the discretionary nature of the decision, the legal boundaries within which the decision should be made, and it exercised reason in reaching its result. *See Sun Valley Shopping Ctr. Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1001 (1991). Therefore, we affirm the decision of the district court.

### B. The District Court Did Not Err in Determining That Collins Was The Prevailing Party.

The district court determined that Collins was the prevailing party and therefore Jones was not entitled to attorney fees or costs. I.R.C.P. 54(d)(1)(B) allows for costs to be awarded as a matter of right to the prevailing party. The trial court's determination of the prevailing party is likewise reviewed under an abuse of discretion standard. The trial court's finding of a prevailing party will not be disturbed on appeal absent an abuse of discretion. *Farm Credit Bank of Spokane v. Wissel,* 122 Idaho 565, 568, 836 P.2d 511, 514 (1992). The trial judge is to "consider the final judgment or result of the action in relation to the relief sought by the respective parties." I.R.C.P. 54(d)(1)(B).

It can be discerned from the district court's discussion that because the jury awarded Collins monetary damages, thus finding that Collins was entitled to compensation, the district court found Collins to be the prevailing party. We do not believe that merely because Collins received less than the entire amount of damages requested, she is therefore not a prevailing party. *See, e.g., Gilbert v. City of Caldwell,* 112 Idaho 386, 399, 732 P.2d 355, 368 (Ct.App.1987). Therefore, we hold that the trial court did not abuse its discretion in determining that Collins was the prevailing party. *See Sun Valley Shopping Ctr. Inc.,* 119 Idaho at 94, 803 P.2d at 1001.

### C. The District Court Was Correct in Not Awarding Jones Costs Under I.R.C.P. 68.

I.R.C.P. 68(b) requires that if the "adjusted award obtained by the offeree is less than the offer" the offeree must: (1) pay the costs of the offeror as allowed under I.R.C.P. 54(d)(1) after making the offer; (2) the offeror must pay the costs of the offeree as allowed under I.R.C.P. 54(d)(1) incurred before making the offer; and (3) the offeror shall not be liable for costs and attorney fees awarded the offeree under I.R.C.P. 54(d)(1), incurred by the offeree after the making of the offer.

Jones argues that she is entitled to costs under I.R.C.P. 68(b) because the jury award of $1,896.49 was less than her offer of judgment of $2,500.00. We disagree, for "[a] party who has made an offer of judgment under Rule 68(b) is entitled to recover its costs, as allowable under Rule 54(d)(1), incurred after the making of the offer, if the *judgment finally obtained* by the offeree is not more favorable than the offer." *Mountain Restaurant Corp. v. ParkCenter Mall Assoc.,* 122 Idaho 261, 269, 833 P.2d 119, 127 (Ct.App.1992).

We hold that since Jones had the option to take the judgment with the additur or proceed to a new trial, the additur is included in the final judgment amount which is to be compared to the offer of judgment for Rule 68(b) purposes. If Jones does not accept the additur, the judgment would be vacated and the parties would have to proceed to a new trial. Since Collins' jury award plus the

additur exceeded the offer of judgment, the district court was correct in denying Jones an award under Rule 68(b). The order of the district court denying Rule 68(b) costs and attorney fees is affirmed.

### D. Collins is Awarded Attorney Fees And Costs On Appeal.

I.C. § 12–121 allows for an award of attorney fees on appeal. If an appeal is brought frivolously, unreasonably, and without foundation, attorney fees will be awarded. *Hawks v. EPI Products USA, Inc.*, 129 Idaho 281, 288, 923 P.2d 988, 995 (1996); *Minich v. Gem State Developers. Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). We believe that Jones's appeal in this case was frivolous, unreasonable and without foundation. Jones argued on appeal that the district court abused its discretion in awarding an additur or alternatively a new trial because it "merely recited the 'proper' language" but did not actually support its finding with particular facts. It is clear from the record that the trial court specifically listed dollar amounts for what it would have awarded for pain and suffering, wage loss, and itemized medical bills. Jones further argued that because the jury verdict was one lump sum, the trial court could not have possibly known what damages the jury's award covered. Considering that the jury verdict was $1,896.49, less than the total amount of the itemized medical bills of $2,088.13, it was evident that the jury gave no award for lost wages or pain and suffering. To argue otherwise is frivolous. As to the argument concerning Rule 68(b), if the additur is accepted it is clear that Rule 68(b) does not apply, as the additur would necessarily be included in the final judgment. It is frivolous to argue that Rule 68(b) would not take into account an additur in comparing the offer of judgment and the judgment finally obtained by the offeree. Therefore, we award attorney fees to Collins on appeal. Costs on appeal are also awarded to Collins.

### IV.

### CONCLUSION

We hold that the district court did not abuse its discretion in granting an additur or in the alternative a new trial. Additionally, we hold that the district court did not err in refusing to allow costs to Jones under I.R.C.P. 54(d)(1) and 68(b). The decision of the district court is affirmed and the case is remanded for further proceedings. Attorney fees and costs on appeal are awarded to Collins.

TROUT, C.J., and JOHNSON, SCHROEDER and WALTERS, JJ., concur.