# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32571

PAULA PUCKETT,

    Plaintiff-Respondent-Cross Appellant,

v.

JOSEPH VERSKA, M.D.,

    Defendant-Appellant-Cross Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, February 2007 Term

2007 Opinion No. 48

Filed: March 28, 2007

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, for the County of Ada. Hon. Michael R. McLaughlin, District Judge.

The district court's pre-trial, trial and post-trial orders are affirmed.

Hall, Farley, Oberrecht & Blanton, P.A., Boise, for appellant. Raymond D. Powers argued.

Yturri Rose, LLP, Fruitland, for respondent. Timothy J. Helfrich argued.

_____

JONES, Justice

Dr. Joseph Verska appeals several rulings in the medical malpractice litigation between himself and his patient, Paula Puckett. Specifically, he appeals rulings on a motion to reconsider, a jury instruction, a motion in limine, a motion for new trial or additur, the award of discretionary costs to Puckett, and the denial of discretionary costs to Verska. We affirm.

## I.

On September 2, 1999, Puckett underwent an anterior cervical diskectomy and fusion with autograft at St. Luke's Regional Medical Center in Boise. Verska performed the surgery. Puckett's spinal cord suffered a contusion caused by a bone graft coming

1

into contact with it. As a result, she experienced partial left-sided paralysis following surgery. In June 2002 Puckett sued Verska for medical malpractice and lack of informed consent.

Puckett filed her initial expert witness disclosure on March 4, 2003, wherein she failed to list an expert who would opine about the community standard of care. Verska moved to strike her expert witnesses because she allegedly failed to comply with the pretrial order. In response, Puckett filed a supplemental expert witness disclosure on May 27, wherein she disclosed that one of her original experts, Dr. Joel Seres, would also testify as to the standard of care. Verska moved for summary judgment the next day on the basis that Puckett could not produce testimony about the standard of care. In an affidavit submitted with Puckett's memorandum opposing summary judgment, Dr. Seres stated that he consulted with two neurologists in Boise and Nampa, neither of whom were surgeons, and an orthopedic surgeon in Ontario, Oregon, regarding the community standard of care in Boise ("June 11 affidavit").

On June 24, 2003, the district court denied Verska's motion to strike but granted him additional time to depose Dr. Seres at Puckett's expense and to supplement his summary judgment motion. The district court held a hearing on summary judgment the next day where Puckett offered another affidavit from Dr. Seres, stating that he had consulted with Dr. Timothy Floyd, a Boise orthopedic surgeon, on the standard of care ("June 25 affidavit"). The district court struck the June 25 affidavit because Dr. Floyd had served on a pre-litigation screening panel considering Puckett's claim. Consequently, the district court found that Dr. Seres lacked the requisite familiarity with the community standard of care and granted Verska's motion for summary judgment.

Puckett filed a motion for reconsideration, providing another affidavit from Dr. Seres, which the district court allowed in, wherein he stated that he consulted with three additional doctors – orthopedic spine surgeons in Boise and Caldwell and a neurosurgeon in Boise – about the standard of care ("August 1 affidavit"). The district court granted the motion for reconsideration because Dr. Seres was now familiar with the applicable standard of care and was qualified to testify. Thus, summary judgment was inappropriate because a material fact was in dispute regarding whether Verska met the applicable

standard of care.  The district court later clarified that summary judgment was appropriate as to informed consent.  The case proceeded to trial.

The first trial took place in December 2004.  Although the district court had instructed the jury about the potential claims in the matter, on the second day of trial Puckett voluntarily dismissed her claim regarding Verska's alleged negligence in recommending surgery ("indications for surgery claim").  The district court declared a mistrial after the jury could not reach a verdict.  Verska sought costs and attorney fees for his preparation of a defense to the indications for surgery claim, based on I.C. §§ 12-121, 12-123 and I.R.C.P. 41 and 54.  The district court denied the motion because it found that Verska was not yet a prevailing party.

The second trial took place in August 2005.  Before trial, Puckett filed a motion in limine to prevent admission of any evidence about the terms and contents of any informed consent forms or agreements that Puckett may have signed prior to surgery. The district court ruled that Verska could examine Puckett's expert witnesses regarding the "inherent, potential risk of paralysis from [the] operation" but could not examine her personally on the issue.  The district court indicated it would instruct the jury that Verska properly informed Puckett of the surgical risks, which could include paralysis.

Verska requested a jury instruction that:

> A plaintiff in a medical malpractice action is required to prove a breach of the community standard of care.  The mere fact that an undesirable or unfortunate result occurs following medical care rendered by a defendant does not, by itself, establish a breach of the standard of care by the defendant.

The district court refused to give the instruction though it had been given in the first trial. Specifically, the district court disallowed the instruction because it believed that other instructions adequately covered the law on the standard of care, that the Idaho cases cited by Verska were distinguishable, and that the instruction impermissibly commented on the evidence.  At the end of the trial, the jury found for Puckett, awarding $92,720 in economic damages and $50,000 in non-economic damages.

The district court awarded discretionary costs of $120,714.85 to Puckett because she prevailed and it found that her expenses were extraordinary and vital to the presentation of her case.  Puckett moved for a new trial on damages or, alternatively, for

3

an additur on the basis that the awarded damages were inadequate, unsupported by the clear weight of the evidence, and unreasonably disproportionate to the actual losses suffered. The district court awarded an additur, noting that the jury's verdict shocked the court's conscience and that the jury must have been influenced by passion or prejudice regarding testimony of Puckett's prior abuse of prescription medication. The district court increased the award of economic damages to $289,971.22 and non-economic damages to $400,000. The district court provided, however, that Verska could request a new trial on the issue of damages instead of accepting the additur. Verska now appeals to this Court.

## II.

In this opinion, we address six issues, namely whether the district court: 1) erred in granting Puckett's motion for reconsideration; 2) properly instructed the jury; 3) erred in granting Puckett's motion in limine; 4) erred in awarding an additur to Puckett; 5) erred in granting Puckett's discretionary costs after the second trial; and 6) erred in denying Verska's discretionary costs after the first trial.

Five of these issues require us to review whether the district court abused its discretion so we note at the start that this entails a "three-part inquiry: (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by exercise of reason." *Schwan's Sales Enters., Inc. v. Idaho Transp. Dept.*, 142 Idaho 826, 831, 136 P.3d 297, 302 (2006).

## A.

Verska contends that the district court erred in granting Puckett's motion for reconsideration because it should not have considered Dr. Seres' August 1 affidavit in reaching its decision. The decision to grant or deny a request for reconsideration generally rests in the sound discretion of the trial court. *Carnell v. Barker Mgt., Inc.*, 137 Idaho 322, 329, 48 P.3d 651, 658 (2002). Verska argues that Puckett can only rely upon those affidavits timely filed before the summary judgment hearing, but not those filed afterwards, such as the August 1 affidavit.

4

Verska relies on *Jarman v. Hale*, 122 Idaho 952, 957 n. 2, 842 P.2d 288, 293 n. 2 (App. 1992), for the proposition that the district court may not consider affidavits submitted after summary judgment. Such reliance is misplaced because the Court of Appeals holding – that a party may not submit new affidavits in support of a request for reconsideration of an order granting summary judgment – was erroneous in two respects. First, the Court of Appeals erroneously characterized the order granting summary judgment as a final order, rather than an interlocutory order. *Id.* at 957 n.2, 842 P.2d at 293 n.2. However, until a final judgment has been entered, an order granting summary judgment is an interlocutory order and subject to reconsideration pursuant to I.R.C.P. 11(a)(2)(B). *Idaho First Natl. Bank v. David Steed & Assocs.*, 121 Idaho 356, 361, 825 P.2d 79, 84 (1992). Second, when reviewing a motion for reconsideration, the district court "should take into account any new facts presented by the moving party that bear on the correctness of the interlocutory order. The burden is on the moving party to bring the trial court's attention to the new facts." *Coeur d'Alene Mining Co. v. First Natl. Bank*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990); *see also David Steed & Assocs., Inc.*, 121 Idaho at 361, 825 P.2d at 84 (trial court should have considered affidavit submitted with motion for reconsideration). Thus, the district did not err in considering the August 1 affidavit and vacating the summary judgment.

**B.**

"This Court exercises free review when determining whether the district court properly instructed the jury." *Gunter v. Murphy's Lounge, LLC*, 141 Idaho 16, 27, 105 P.3d 676, 687 (2005). Regarding jury instructions, the standard of review "is limited to a determination of whether the instructions, as a whole, fairly and adequately present the issues and state the law." *Newberry v. Martens*, 142 Idaho 284, 287, 127 P.3d 187, 190 (2005). "A requested jury instruction need not be given if it is either an erroneous statement of the law, adequately covered by other instructions, or not supported by the facts of the case." *Craig Johnson, LLC v. Floyd Town Architects, P.A.*, 142 Idaho 797, 800, 134 P.3d 648, 651 (2006).

Verska argues on appeal that the district court should not have rejected his proposed standard of care jury instruction, which had been given in the first trial. He argued it was necessary in order to inform the jury that a bad medical result did not, in

and of itself, establish a breach of the standard of care. Verska asserts that the instruction was not duplicative and that it was necessary to prevent jury confusion on the standard of care issue.

The instructions actually given to the jury adequately covered what Puckett needed to prove regarding the standard of care for a medical malpractice action. The district court offered four jury instructions regarding the standard of care. First, it offered an instruction based on IDJI 2.10.3, which stated that Puckett had the burden of proving that Verska failed to meet the applicable standard of care, that she was injured, and that Verska's acts proximately caused her injuries. Second, it offered an instruction based on IDJI 2.10.1, which provided that Verska had a duty to possess and exercise a degree of skill similar to other specialists in the community. Third, similar to the wording of Idaho Code § 6-1012, it stated that Puckett must prove that Verska failed to meet the standard of health care practice in Boise with respect to his specialty as it existed on the date of surgery. Last, it instructed the jury on the definition of community, using the statutory definition provided in Idaho Code § 6-1012. Because the jury instructions adequately covered the requisite elements to show the standard of care, we need not address whether the proposed jury instruction was an erroneous statement of law or unsupported by the facts.

## C.

Verska argues on appeal that the district court abused its discretion when it granted Puckett's motion in limine to limit examination of Puckett on informed consent because it restricted his ability to present relevant evidence on the risks associated with her surgery. Trial courts have broad discretion when ruling on a motion in limine so we review the district court's decision to grant or deny a motion in limine for abuse of discretion. *Gunter*, 141 Idaho at 25, 105 P.3d at 685.

The district court did not abuse its discretion in granting the motion in limine to limit cross-examination of Puckett on the issue of informed consent. The district court recognized its discretion to grant or deny the motion. On summary judgment, the district court had already held that Verska properly informed Puckett of the surgical risks and, thus, there was no need to cross-examine her in light of concerns that such evidence could be construed to mean that she assumed those risks. The district court stated Verska

6

could argue that the surgical procedure in question involved certain inherent risks and it permitted him to examine both his and Puckett's expert witnesses regarding those risks. The district court also instructed the jury that Verska properly informed Puckett of the risks involved, which included paralysis. The district court exercised reason in acting within the bounds of its discretion.

The district court took appropriate steps to remedy any testimony on the issue of informed consent. Puckett testified at trial that Verska told her it would be a simple surgery. Verska's counsel also questioned Puckett about whether Verska discussed the inherent risks of the surgery with her. She answered that he downplayed the risks. The district court sustained Puckett's objection to the questioning, struck that testimony at Verska's request and restated the instruction that Verska properly informed her of the risks. Previously, we have not found reversible error where a witness made a statement contrary to a motion in limine, received an admonishment, and the district court later issued a curative instruction. *See Van Brunt v. Stoddard*, 136 Idaho 681, 686-7, 39 P.3d 621, 626-7 (2001). In this case, the district court admonished both sides, struck the testimony and instructed the jury again on the undisputed facts. Other witnesses' testimony only incidentally mentioned preoperative discussions. The district court acted within its discretion in remedying any conflicts with its motion in limine.

**D.**

On appeal, Verksa contends that the district court erred in awarding an additur on both economic and non-economic damages because substantial evidence supported the jury's original verdict. The district court may grant a new trial or additur for "excessive damages or inadequate damages, appearing to have been given under the influence of passion or prejudice." I.R.C.P. 59(a)(5). The district court should make such an award only if, after assessing the credibility of the witnesses and weighing the evidence, it determines that "the verdict is not in accord with the clear weight of the evidence." *Hudelson v. Delta Intl. Mach. Corp.*, 142 Idaho 244, 248, 127 P.3d 147, 151 (2005). When the district court believes that substantial and competent evidence supports the verdict but its assessment of damages substantially diverges from the jury's award of damages such that only passion or prejudice could explain it, then it should grant a new trial or an additur. *Collins v. Jones*, 131 Idaho 556, 558, 961 P.2d 647, 649 (1998). We

review the grant or denial of a new trial or an additur for an abuse of discretion. *Id.* We "primarily focus upon the process used by the trial judge in reaching his or her decision, not upon the result of that decision" because the district court is best able to assess the witnesses and evidence presented. *Hudelson*, 142 Idaho at 248, 127 P.3d at 151.

In this case, the district court found that "the verdict shocked the conscience of the Court because the verdict was excessively low given the nature and extent of the Plaintiff's permanent and debilitating injuries." No one factor is appropriate to award a new trial or an additur because "how substantial the disparity must be differs with each factual context and with the trial judge's sense of fairness and justice." *Collins*, 131 Idaho at 558, 961 P.2d at 649 (citing *Quick v. Crane*, 111 Idaho 759, 769, 727 P.2d 1187, 1197 (1986)). Moreover, Puckett did not need to prove that passion or prejudice affected the jury's verdict; the appearance alone was sufficient to justify a new trial or additur. *Dinneen v. Finch*, 100 Idaho 620, 625-6, 603 P.2d 575, 580-1 (1979). Regarding the amount of the damage award, the district court stated that the jury was unduly prejudiced by testimony of Puckett's prior abuse of prescription medication. The additur for non-economic damages was based on Puckett's life expectancy and to compensate her for the pain and weakness she would suffer in that timeframe. As for economic damages, the district court noted that Verska did not present evidence to refute Puckett's medical expense and income claims. The district court acted within the bounds of its discretion and exercised reason, finding that passion or prejudice appeared to have affected the award of damages. We hold that the district court did not abuse its discretion in granting the motion for an additur or new trial.

If Verska believes the additur was too generous, the district court provided an alternative to address that concern – he may opt for a new trial on the issue of damages. The district court may conditionally grant a new trial subject to an additur. I.R.C.P. 59.1. If Verska requests a new trial, the district court restricted it to damages alone. In determining if the district court abused its discretion in restricting a trial to the issue of damages, we must "conclude that (1) the damages awarded by the jury were inadequate, (2) the issue of liability was close, and (3) other circumstances indicated that the verdict was probably the result of prejudice, sympathy, or compromise, or that for some other reason, the liability issue was not actually determined by the jury." *Smallwood v. Dick*,

114 Idaho 860, 865, 761 P.2d 1212, 1217 (1988). Verska argues that the question of liability was close because the first trial resulted in a hung jury. He does not account, however, for Puckett's presentation of additional expert testimony, the different jury instructions given, or the motion in limine granted at the second trial. Moreover, Verska does not point to any particular circumstances in the record to suggest that the verdict on liability was subject to compromise. Because the last two prongs of the *Smallwood* test are not met, we hold the district court did not abuse its discretion in restricting a new trial to the issue of damages.

### E.

Verska argues that the district court's award of discretionary costs was an abuse of its discretion because it unduly stressed the necessity of expert testimony in medical malpractice cases in reaching its decision, without also showing that the requested costs were exceptional. The district court may award discretionary costs "upon a showing that said costs were necessary and exceptional costs reasonably incurred, and should in the interest of justice be assessed against the adverse party." I.R.C.P. 54(d)(1)(D). The party opposing an award of discretionary costs bears the burden of demonstrating that the district court abused its discretion. *Hayden Lake Fire Protec. Dist. v. Alcorn*, 141 Idaho 307, 314, 109 P.3d 161, 168 (2005).

Verska did not demonstrate that the district court abused its discretion in awarding discretionary costs to Puckett. Verska argues that the district court did not consider whether the requested costs were exceptional and necessary, pointing to the district court's statement that "the Defendant argues that travel expenses and expert witness fees incurred in personal injury cases cannot be considered exceptional and therefore should be disallowed under Idaho Rule of Civil Procedure 54(d)(1)(D). However, that rule also awards *necessary* costs reasonably incurred." (emphasis original). While this wording is somewhat awkward, the entirety of the district court's order showed that it considered both necessity and exceptionality. The district court concluded that the costs incurred were necessary and reasonable considering the statutory requirement for experts in medical malpractice cases. The district court also found that the costs were in the interests of justice because of the case's length and complexity and that "the cost of obtaining such experts in order to prevail at trial should not prohibit legitimate claims

9

from being pursued." Contrary to Verksa's assertion, the district court considered the exceptionality of the costs in light of the "long course of litigation and complexity of this case." The district court acted within the bounds of its discretion in examining whether Puckett's requested costs were necessary, exceptional, reasonable, and in the interests of justice.

Verska argues that costs should not be allowed for the first trial. The district court noted in addressing this contention that "the language of [Rule 54(d)(1)] looks to the end result of the entire course of litigation rather than compartmentalizing the determination of a prevailing party into separate proceedings." Indeed, in determining who prevailed and, thus, is entitled to costs, "the court must consider, among other things, the extent to which each party prevailed relative to the 'final judgment or result.'" *West Wood Invs., Inc. v. Acord*, 141 Idaho 75, 88, 106 P.3d 401, 414 (2005). In opposing Puckett's motion for costs, Verska asserted that "the most significant trial preparation on the part of plaintiff would have occurred prior to the first trial." Rather than supporting Verska's position, this may well show that substantial groundwork for the result of the second trial was laid in the preparation for the first trial. We hold that the district court did not abuse its discretion in finding that Puckett prevailed below and was entitled to discretionary costs.

Verska argues that the district court abused its discretion by not considering whether each individual discretionary cost claimed was necessary and exceptional. We have held that "express findings as to the general character of requested costs and whether such costs are necessary, reasonable, exceptional, and in the interests of justice is sufficient to comply with this requirement." *Hayden Lake Fire Protec. Dist.*, 141 Idaho at 314, 109 P.3d at 168 (citing *Inama v. Brewer*, 132 Idaho 377, 384, 973 P.2d 148, 155 (1999); *Fish v. Smith*, 131 Idaho 492, 494, 960 P.2d 175, 177 (1998)). Thus, the district court need not evaluate the requested costs item by item. *Id.* The district court's express findings as to the general character of the travel expenses, expert witness fees and other litigation costs were sufficient.

If Verska opts for a new trial on damages, the award of discretionary costs will be vacated. Following the outcome of any new trial, the district court will need to determine anew any allowable costs.

10

**F.**

Verska argues that I.C. §§ 12-121, 12-123 and I.R.C.P. 54 provided a basis to award costs and attorney fees to him after the first trial, even though Puckett voluntarily dismissed her indications for surgery claim. He acknowledges that these provisions are within the district court's discretion but contends that the district court abused that discretion because it did not recognize that it could find that he was a prevailing party in part and that not all of Puckett's claims needed to be frivolous to justify an award. The district court's determination of who is a prevailing party will not be disturbed absent an abuse of discretion. *West Wood Invs., Inc.*, 141 Idaho at 88, 106 P.3d at 414. Also, the district court's determination whether an action was brought, pursued or defended frivolously, unreasonably or without foundation will not be disturbed absent an abuse of discretion. *Win of Michigan, Inc. v. Yreka United, Inc.*, 137 Idaho 747, 754, 53 P.3d 330, 337 (2002).

The district court concluded that neither party prevailed after the first trial and that Puckett's dismissed claim was not brought frivolously. The statutes cited by Verska require either a prevailing party or a finding of frivolousness to award attorney fees. I.C. §§ 12-121 ("judge may award reasonable attorney's fees to the prevailing party"), 12-123(2)(a) ("court may award reasonable attorney's fees to any party…adversely affected by frivolous conduct"). In determining a prevailing party, the district court must "consider the final judgment or result of the action in relation to the relief sought by the respective parties." I.R.C.P. 54(d)(1)(B). While the district court may find a prevailing party in part, the district court denied costs and attorney fees because no final judgment was entered after the first trial and Puckett's indications for surgery claim was dismissed without prejudice so she could still pursue it. The district court should evaluate whether "all claims brought or all defenses asserted are frivolous or without foundation" before awarding attorney fees under I.C. § 12-121. *Bingham v. Montane Resource Assocs.*, 133 Idaho 420, 427, 987 P.2d 1035, 1042 (1999). Puckett's claims were not all frivolous. Considering the options available to it, the district court exercised reason in reaching its holding and, thus, did not abuse its discretion.

11

**III.**

We affirm the district court on the issues raised in this appeal. Pursuant to I.R.C.P. 59.1(b), Verska shall have fourteen days from the date of the issuance of the appellate remittitur to either: 1) accept the district court's award of an additur and discretionary costs to Puckett, or 2) reject the additur and opt for a new trial on the issue of damages. If Verska elects to have a new trial, then the district court's award of discretionary costs to Puckett is also vacated though the parties may raise the issue again after such trial. Costs are awarded to Puckett on appeal.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK CONCUR.