95 P.3d 34

**Vera VENDELIN, Plaintiff–Respondent,**

v.

**COSTCO WHOLESALE CORPORATION, a Washington corporation, Defendant–Appellant.**

**No. 29080.**

Supreme Court of Idaho, Boise, January 2004 Term.

July 1, 2004.

Eberle Berlin Kading Turnbow & McKlveen, Chtd., Boise, for appellant. Warren E. Jones argued.

Chasan & Walton, LLC, Boise, for respondent. Andrew M. Chasan argued.

SCHROEDER, Justice.

Vera Vendelin (Vendelin) was injured while shopping at the Boise Costco store when a display of garden stepping-stones partially collapsed and fell on her lower body. She filed suit against Costco to recover damages sustained as a result of the accident. The district court subsequently granted her motion to amend the complaint to add a prayer for punitive damages. Following trial, the jury awarded both compensatory and punitive damages. Costco appealed.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS

On March 16, 2000, Vera Vendelin was shopping at the Costco Wholesale Corporation's ("Costco") store in Boise, Idaho. She encountered a display of garden stepping-stones. The stones were packaged individually and stacked approximately five feet high in a freestanding display which rested upon a wooden pallet. As she attempted to remove a box from the display, several boxes of garden stepping-stones fell, hitting her lower body and legs.

Vendelin sued Costco and demanded a jury trial. Costco answered the complaint. During the discovery phrase of litigation the district court issued several orders compelling Costco to fully respond to Vera's discovery requests. On August 19, 2002, the district court issued its third order compelling responses to Vendelin's discovery requests and amending its previous order governing proceedings. The order allowed Vendelin to file pre-trial motions, including motions concerning punitive damages, until September 6, 2002, and extended the discovery deadline for both parties to September 6, 2002.

Vendelin moved to amend her complaint to add a prayer for punitive damages pursuant to I.C. § 6–1604 on September 6, 2002. A hearing on the motion was held on September 19, 2002. The district court issued a memorandum decision and order granting the motion to amend on September 27, 2002.

Vendelin filed a supplemental disclosure of expert witnesses on September 30, 2002, naming Mr. Severn, a CPA, whom she in-

tended to call to testify concerning the financial condition of Costco. Costco filed a motion to vacate on October 3, 2002, seeking a continuance of the October 7, 2002, trial date or, alternatively, an order denying the testimony of the newly named expert witness. The record does not explain whether this motion was considered or ruled upon by the district court, but the trial commenced as scheduled on October 7, 2002.

On the first day of trial Costco pointed out that Vendelin had not yet filed an amended complaint setting forth the punitive damage claim. Over Costco's objection, the district court allowed the filing of an amended complaint, which was subsequently filed on October 8, 2002. Costco filed an amended answer on October 9, 2002, and the trial proceeded.

Vendelin's physician, Dr. Johans, testified that he had successfully performed back surgery to alleviate a herniated disk with nerve compression on December 17, 1999, approximately three months prior to the accident at Costco. Following her March 17, 2000, accident at Costco, Vendelin was again diagnosed with a compressed nerve from a herniated disk, and Dr. Johans performed a second surgery on April 26, 2000. According to Dr. Johans, the second surgery was necessitated by the Costco accident. He testified that the second surgery was less successful than the first and that Vendelin would continue to experience back pain into the indefinite future. Dr. Johans apportioned fifty percent of Vendelin's current back pain to the first surgery and the other fifty percent to the second surgery.

Vendelin also presented the testimony of Mr. Grisim, an expert with over thirty-two years of experience in the field of retail safety and accident prevention. Grisim testified concerning the industry standard of care and concluded that Costco's merchandise stacking procedures were inadequate. He testified that there are no uniform training procedures within the Costco organization relating to the proper stacking of merchandise. Rather, Costco employees are trained on the job through a "buddy system" in which new employees are teamed with senior employees. According to Grisim, this process is an extreme deviation from industry standards of care since there is no way to insure that proper procedures are being transferred from the senior employees to the junior employees. He also testified concerning an accident summary report prepared by Costco during discovery that listed over nine hundred other accidents reported by Costco customers involving falling merchandise from 1998 through 2000. Based on this information, he testified that Costco either knew or should have known prior to the accident that it lacked adequate training procedures for the proper and safe stacking of store merchandise. The testimony of several Costco employees corroborated Grisim's testimony concerning Costco's use of the so-called "buddy system" and the fact that Costco lacked uniform and standardized procedures for training personnel how to identify and address hazards involving improperly stacked merchandise.

After the presentation of Vendelin's case-in-chief, Costco moved for a partial directed verdict as to the claim for punitive damages, arguing that there was no evidence that Costco acted with the "extremely harmful state of mind" required to sustain an award of punitive damages. The district court denied the motion.

The jury returned a special verdict in favor of Vendelin, finding that Costco's negligence was a proximate cause of the accident. The jury awarded Vendelin $161,058.44 in compensatory damages. The jury also found that the acts of Costco which proximately caused injury to Vera constituted an extreme deviation from reasonable standards of conduct and that they were performed with wantonness or outrageousness. The jury awarded $401,392.00 in punitive damages. The district court issued its judgment confirming the jury's award.

On appeal Costco raises several challenges to the district court's rulings, as well as to the evidence supporting the jury's verdict.

## II.

## THE DISTRICT COURT DID NOT ERR IN ALLOWING THE AMENDMENT TO ADD A CLAIM FOR PUNITIVE DAMAGES

### A. Standard of Review

Costco maintains that the district court erred in allowing amendment of the

complaint to include a claim for punitive damages, asserting that the district court misinterpreted I.C. § 6–1605, that the district court did not hold a hearing on the issue, and that there was no showing that Costco's conduct was oppressive, fraudulent, wanton, malicious or outrageous as required by I.C. § 6–1604. Costco maintains that this Court should exercise free review of the district court's decision to allow the amendment.

■■■ To support a motion to add punitive damages under I.C. § 6–1604, Vendelin was required to establish a reasonable likelihood she could prove by a preponderance of the evidence that Costco acted oppressively, fraudulently, wantonly, maliciously or outrageously. *See Weaver v. Stafford,* 134 Idaho 691, 699–700, 8 P.3d 1234, 1242–43 (2000) (citing *Vaught v. Dairyland Ins. Co.,* 131 Idaho 357, 362, 956 P.2d 674, 679 (1998)). The decision of the district court that Vendelin established such a reasonable likelihood is reviewed for an abuse of discretion. *Id.* at 700, 8 P.3d at 1243. The abuse of discretion inquiry examines (1) whether the district judge correctly perceived the issue as one of discretion; (2) whether the district judge acted within the outer boundaries of her discretion and consistently with the legal standards applicable to the specific choices available to her; and (3) whether the district judge reached her decision through an exercise of reason. *Id.* (citing *Sun Valley Shopping Ctr. v. Idaho Power,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)). Costco has presented no factual or legal basis to deviate from this

standard of review, therefore, its argument that this Court should apply free review to the trial court's decision to grant Vendelin's motion to amend is rejected.

**B. The district court did not abuse its discretion by granting the motion to amend her complaint to add a claim for punitive damages.**

■■■ Costco carries the burden of showing that the district court committed error. *See Western Cmty. Ins. Co. v. Kickers, Inc.,* 137 Idaho 305, 306, 48 P.3d 634, 635 (2002). None of Costco's arguments on appeal establish error in granting the motion to amend the complaint pursuant to I.C. § 6–1604.

Costco claims that no hearing was held on the issue of punitive damages as required by I.C. § 6–1604. A review of the record shows this to be incorrect. There was a hearing. At the time of hearing, I.C. § 6–1604 provided in pertinent part: [1]

(1) In any action seeking recovery of punitive damages, the claimant must prove, by a preponderance of the evidence, oppressive, fraudulent, wanton, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted.

(2) In all civil actions in which punitive damages are permitted, no claim for damages shall be filed containing a prayer for relief seeking punitive damages. However, a party may, pursuant to a pretrial motion and after hearing before the court,

1. I.C. § 6–1604 was amended in 2003 and currently provides in relevant part:

 **Limitation on punitive damages**
 (1) In any action seeking recovery of punitive damages, the claimant must prove, by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted.
 (2) In all civil actions in which punitive damages are permitted, no claim for damages shall be filed containing a prayer for relief seeking punitive damages. However, a party may, pursuant to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the pleadings if, after weighing the evidence presented, the court concludes that, the moving party has established at such hearing a

 reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages. A prayer for relief added pursuant to this section shall not be barred by lapse of time under any applicable limitation on the time in which an action may be brought or claim asserted, if the time prescribed or limited had not expired when the original pleading was filed.
 2003 Idaho Sess. Laws ch. 122, sec. 2, p. 371. This Court will not consider the 2003 amendment in this case because the cause of action underlying this appeal accrued prior to July 1, 2003. *See* 2003 Idaho Sess. Laws ch. 122, sec. 6, p. 372 ("This act shall be in full force and effect on and after July 1, 2003. Sections 1 through 3 of this act shall apply to all causes of action which accrue thereafter."). *See also* Idaho Code § 73–101 ("No part of these compiled laws is retroactive, unless expressly so declared.").

amend the pleadings to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the pleadings if the moving party establishes at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages. A prayer for relief added pursuant to this section shall not be barred by lapse of time under any applicable limitation on the time in which an action may be brought or claim asserted, if the time prescribed or limited had not expired when the original pleading was filed.

In accordance with I.C. § 6–1604, the original complaint did not contain a prayer for punitive damages. Vendelin moved to amend her complaint to add a prayer for punitive damages on September 6, 2002. Costco filed an objection to her motion to amend on September 18, 2002. A hearing was held pursuant to I.C. § 6–1604 on September 19, 2002, including the motion to amend as well as other pretrial matters. The district court made the requisite findings under I.C. § 6–1604 and granted the motion to amend the complaint on September 27, 2002. In its memorandum decision, the district court stated:

> The decision whether to allow a plaintiff to amend a complaint to allege punitive damages rests in the sound discretion of the trial court. [citation omitted] On a motion to add punitive damages under I.C. § 1604, a plaintiff must show a reasonable likelihood that she could prove by a preponderance of the evidence that the defendant acted oppressively, fraudulently, wantonly, maliciously or outrageously. [citation omitted] In *Cheney v. Palos Verdes Inv. Corp.*, the Idaho Supreme Court described the circumstances necessary to justify punitive damages:
>
> > An award of punitive damages will be sustained on appeal only when it is shown that the defendant acted in a manner that was "an extreme deviation from reasonable standards of conduct, and that the act was preformed by the defendant with an understanding of or disregard for its likely consequences." The justification for punitive damages

must be that the defendant acted with an extremely harmful state of mind, whether that be termed "malice, oppression, fraud or gross negligence"; "malice, oppression, wantonness"; or simply "deliberate or willful."

[citation omitted]

Vendelin argues that she has established a "reasonable likelihood" of proving reckless and wanton behavior on the part of Costco at trial. Vendelin expert, Terry Grisim, is prepared to offer his opinion that Costco's failure to train its employees in proper display techniques constituted an extreme deviation from industry practice. Costco argues that the present case is one of simple negligence. Costco contends that it did not act with the "extreme deviation" and "extremely harmful state of mind" required for an award of punitive damages The Court finds that Vendelin has established a "reasonable likelihood" of proving facts at trial sufficient to support a punitive damages award. Vendelin's expert believes that Costco's lack of adequate training programs constituted an extreme deviation from the industry standard of care. That evidence is sufficient to demonstrate a reasonable likelihood of proving at least a disregard for likely consequences. The motion to amend for punitive damages is therefore granted.

Costco's arguments relating to the sufficiency of the evidence presented at the September 19, 2002 hearing and the district court's role in weighing and evaluating that evidence are moot in view of the verdict of the jury following proper instructions on the law from the district court.

## III.

## THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING COSTCO'S REQUEST FOR A CONTINUANCE OF TRIAL

Costco claims that district court's denial of its request for a continuance deprived it of a fundamentally fair trial, citing *Lambert v. Northwestern Nat. Ins. Co.*, 115 Idaho 780, 769 P.2d 1152 (Ct.App.1989), pointing to the fact that the district court's order granting

the motion to amend the complaint to add a prayer for punitive damages was filed on September 27, 2002, just 10 days before the first day of trial. By this time the September 6, 2002 discovery deadline had expired. Consequently, Costco claims that it did not have time to prepare to defend against a claim for punitive damages. According to Costco, it was unable to depose Vera's "punitive damages" expert, Mr. Grisim, or name an expert of its own to refute his testimony at trial.

Costco argues that the opening and closing statements by Vendelin's counsel exacerbated the prejudice to Costco. During opening statement, Vendelin's counsel mentioned that he would present an expert witness, but then stated that the jury "will not hear from an independent witness from Costco. You will not hear any evidence that says what they did was right." Similarly, during closing statements, Vendelin's counsel again emphasized the fact that Costco did not have an expert witness to rebut Vendelin's expert, Mr. Grisim: "Did you [hear] an opposing expert? An independent witness? No. No, you didn't."

Costco criticizes the district court for not giving a cautionary instruction to the jury that would cure the prejudice to Costco or at least explain to the jury why Costco did not have the opportunity to present an opposing expert.

Finally, Costco argues that if the trial had been continued and Costco had been given the opportunity to retain a rebuttal expert, the jury would have heard a completely different perspective on "industry standards" and the efficacy of the "buddy system" in training employees how to stack merchandise. According to Costco, it is reasonable to assume that the jury's decision as to the award, or certainly the amount, of punitive damages would have been substantially different.

### A. Standard of Review

■ A decision whether to grant or deny a motion for a continuance is vested in the sound discretion of the trial court. *State v. Ward,* 98 Idaho 571, 574, 569 P.2d 916, 919 (1977). In reviewing such a discretionary

decision, this Court engages in a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Ransom,* 124 Idaho 703, 706, 864 P.2d 149, 152 (1993). To warrant a reversal, a defendant must show that its substantial rights were prejudiced by the denial. *State v. Nunez,* 133 Idaho 13, 21, 981 P.2d 738, 746 (1999); *State v. Wood,* 132 Idaho 88, 106, 967 P.2d 702, 720 (1998).

### B. Costco has failed to show error in the failure to continue the trial.

■ On October 3, 2002, Costco filed a motion to vacate, requesting an order vacating the October 7, 2002, trial date or, alternatively, disallowing the testimony of Vera's newly designated witness, Steve Severn. Costco claims that the district court denied its motion to vacate and that this decision deprived Costco of its right to a fundamentally fair trial. There is nothing in the record that shows a ruling on this motion, but counsel for both parties agree that there was a ruling denying the motion, though it does not show in the record before this Court.

Taking the record as it exists it appears that the district court granted the alternative relief requested by Costco, that is, the district court did not allow Vendelin's expert witness, Severn to testify. No abuse of discretion has been shown. No cautionary instruction was necessary, and no showing has been made that a different outcome would have been likely.

### IV.

### THE DISTRICT COURT DID NOT COMMIT ERROR BY ALLOWING VENDELIN TO FILE THE AMENDED COMPLAINT CLAIMING PUNITIVE DAMAGES AFTER THE JURY WAS IMPANELED

Costco claims that the amended complaint was untimely because it was not filed until

after the first day of trial. Costco objected at the opening of trial that, because of Vendelin's failure to file her amended complaint, she waived her right to proceed with punitive damages. The court denied that motion. Costco claims that the late filing prevented it from preparing an answer to the amended complaint or preparing to meet the claim for punitive damages at trial. Additionally, Costco claims that it was improper for the jury to consider the issue of punitive damages because that issue was not pled by Vendelin and was not consented to by Costco, citing I.R.C.P. 15(b). According to Costco, an issue not tried by either express or implied consent cannot be the basis for a decision, citing *M.K. Trans. Inc. v. Grover*, 101 Idaho 345, 349, 612 P.2d 1192, 1196 (1980). Finally, Costco argues that the amended complaint was deficient as to Vera's claim for punitive damages, claiming that I.C. § 6–1604 requires the plaintiff to prove "oppressive, fraudulent, wanton, malicious or outrageous conduct." According to Costco the amended complaint alleged none of these forms of conduct, but rather alleges only "reckless" misconduct. Costco claims that this Court's rulings on punitive damages require a combination of (1) an extremely bad act with (2) an extremely harmful state of mind, citing *Highland Enter., Inc. v. Barker*, 133 Idaho 330, 986 P.2d 996 (1999). Consequently, Costco says Vendelin's amended complaint was deficient because it did not allege the "extremely harmful state of mind" element required by *Cheney*.

The district court granted Vendelin's motion to amend her complaint to add a claim for punitive damages on September 27, 2002. When trial commenced on October 7, 2002 the amended complaint had not been filed. Over Costco's objection, the trial court allowed her to file an amended complaint, which was filed the next day, on October 8, 2002. Costco filed an amended answer on October 9, 2002.

### A. Any error in allowing Vera to file an amended complaint is harmless.

 As its first basis of error, Costco argues that Vera's failure to file an amended

complaint prevented Costco from preparing for trial. "The Court at every stage of the proceeding must disregard any error or defect in the proceeding, which does not affect the substantial rights of the parties." I.R.C.P. 61. The rights of Costco were not affected by allowing the filing of an amended complaint after the commencement of trial. The amended complaint added a prayer for punitive damages only. The record clearly illustrates that Costco had ample opportunity, as well as incentive, to prepare to address punitive damages prior to the October 7, 2002 trial date. The motion to amend her complaint to add a claim for punitive damages was filed on September 6, 2002. A hearing to address that motion was held on September 19, 2002. The district court issued its order granting the motion on September 27, 2002. Costco was not forced to respond to an entirely new cause of action or theory of recovery after the commencement of trial. Costco was on notice prior to trial that the issue of punitive damages would be submitted to the jury. The actual filing of Vera's amended complaint merely memorialized the district court's prior ruling.

Costco has failed to establish that the district court's decision affected Costco's substantial rights since there is no indication that Vendelin prevented Costco from adequately preparing for trial by not filing an amended complaint. *See Perry v. Magic Valley Reg'l Med. Ctr.*, 134 Idaho 46, 50–51, 995 P.2d 816, 820–21 (2000) ("On appeal, harmless error—error that does not affect a substantial right of the parties—is disregarded.").

### B. I.R.C.P. 15(b) does not apply to the filing of the amended complaint.

 Costco argues that it is improper to allow a jury to consider issues that were not pled prior to the start of the lawsuit if such late filing is not waived by the opposing party. Costco cites to the rule that where issues not raised by the pleadings are either expressly or impliedly tried, the district court has discretion to decide those issues and to permit the pleading party to amend its plead-

ings to conform to the proof offered at trial. *See* I.R.C.P. 15(b).[2] Costco also cites to this Court's decision in *M.K. Transp., Inc. v. Grover*, 101 Idaho 345, 612 P.2d 1192 (1980) for the proposition that, "[a]lthough I.R.C.P. 15(b) permits a court to base its decision on a theory fully tried by the parties, an issue not tried by either express or implied consent cannot be the basis for a decision." According to Costco, it was error for the district court to allow amendment of the complaint after the commencement of trial because Costco did not consent to the filing, and in fact, vigorously objected.

Costco's argument appears to be based on the assumption that the district court's decision to allow Vera to file an amended complaint constituted an effort to amend the pleadings pursuant to I.R.C.P. 15(b). However, I.R.C.P. 15(b) only applies to unpled theories that are litigated at a trial on the merits. *See Estes v. Barry*, 132 Idaho 82, 86, 967 P.2d 284, 288 (1998) (citation omitted). I.R.C.P 15(b) is inapplicable because the issue of punitive damages was not tried prior to the district court's decision to allow the filing of the amended complaint. Costco's claim that the elements were not met for an I.R.C.P. 15(b) amendment to the pleadings ignores the fact that the motion to amend was granted pursuant to I.C. § 6–1604—not I.R.C.P 15(b). The district court's decision to allow the filing of an amended complaint after the commencement of trial was not the result of a new motion or request for leave to amend the pleadings, but rather a housekeeping measure to assure that the complaint was amended pursuant to the district court's prior ruling. Costco's claim that its consent was necessary to allow the filing of Vera's amended complaint is without merit.

## C. The amended complaint was not deficient.

Costco claims that Vera's amended complaint was deficient as to her claim for punitive damages because it did not state the precise elements necessary to allege and prove a claim for punitive damages pursuant to I.C. § 6–1604. In *Gillespie v. Mountain Park Estates L.L.C.*, this Court recently stated:

Generally, a claim for relief need contain only a short and plain statement of the claim showing that the pleader is entitled to relief. . . . A party's pleadings should be liberally construed to secure a just, speedy and inexpensive resolution of the case. With the advent of notice pleading, a party is no longer slavishly bound to stating particular theories in its pleadings. Rather, a complaint need only state claims upon which relief may be granted. . . . The emphasis . . . is to insure that a just result is accomplished, rather than requiring strict adherence to rigid forms of pleading.

138 Idaho 27, 29, 56 P.3d 1277, 1279 (2002) (internal citations and quotations omitted). The key issue in determining the validity of a complaint is whether the adverse party is put on notice of the claims brought against it. *Id.* at 29, 56 P.3d at 1279.

The amended complaint alleged that Vendelin was injured at the Boise Costco by falling merchandise and that, "[t]he injuries suffered by Plaintiff [were] caused by the reckless misconduct of the Defendant which was an extreme deviation from the normal standard of care." The demand portion of the amended complaint contained a prayer "[f]or punitive damages sustained by Plaintiff in the amount to be determined by the jury." While the language used in the amended complaint does not mirror the elements nec-

**2.** Rule 15(b) of the Idaho Rules of Civil Procedure provides:

When issues not raised by the pleading[s] are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If

evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.

essary to support an award of punitive damages pursuant to I.C. § 6–1604, this was not fatal to the claim for punitive damages. The allegations contained in the amended complaint suggest that the prayer for punitive damages was based on injuries she sustained from falling merchandise while shopping at the Boise Costco. Additionally, Costco promptly filed an amended answer the day after the filing of the amended complaint in which it raised three separate defenses to Vera's claim for punitive damages. This evidences an acknowledgment by Costco of the claim for punitive damages. *See Zattiero v. Homedale Sch. Dist. No. 370*, 137 Idaho 568, 572, 51 P.3d 382, 386 (2002) (finding that a defendant evidenced acknowledgement of a breach of contract claim against it by filing an answer in which it stated: "[t]o the extent that Plaintiff alleges a breach of Contract, Defendant did not breach such contract. . . ."). To say that Costco was not put on notice of the claim for punitive damages ignores the reality that Costco knew, prior to the filing of the amended complaint, that an amended complaint would be filed and that it would add a claim for punitive damages against Costco.

The amended complaint was sufficient to put Costco on notice of the claim for punitive damages. Further, the jury was properly instructed on the claim, regardless of any lackings in the amended complaint

## V.

## THE DISTRICT COURT DID NOT ERR IN ALLOWING VENDELIN'S EXPERT TO RELY ON AND TESTIFY ABOUT COSTCO'S LOSS RUN DATA

Costco claims that the district court erred in allowing Vendelin's expert to discuss and rely upon the so-called "loss run data" summary report prepared by Costco during discovery that listed over a hundred accidents involving falling merchandise reported by Costco customers nationwide from 1998 through 2000. Costco claims that the summary report was irrelevant because it was not limited to the type of accident alleged by Vendelin, citing I.R.E. 401, and that the expert did not review the facts underlying the

accidents listed in the summary report and, therefore, could not know whether any of the reported accidents were similar to Vendelin's or whether they were the result of improperly stacked merchandise. Costco contends that the expert's opinion should have been excluded because it lacked foundation and was based on irrelevant materials. Additionally, Costco claims that to the extent that the summary report is relevant, its relevance is outweighed by its prejudicial effect, citing I.R.E. 403. According to Costco, the unfounded testimony of Vera's expert unfairly prejudiced the jury by giving the false impression that Costco was on notice of numerous accidents occurring nationwide within its store involving falling merchandise but did nothing to cure the problem.

### A. Standard of Review

When reviewing the trial court's evidentiary rulings, this Court applies an abuse of discretion standard. *Dulaney v. St. Alphonsus Reg. Med. Ctr.*, 137 Idaho 160, 163–64, 45 P.3d 816, 819–20 (2002). Any error in the admission of evidence that does not affect the substantial rights of the parties will be disregarded. *Hake v. DeLane*, 117 Idaho 1058, 1065, 793 P.2d 1230, 1237 (1990) (citing I.R.E. 103; I.R.C.P. 61).

### B. The district court did not abuse its discretion in allowing the testimony of the expert.

Mr. Grisim made reference to an accident summary prepared by Costco during discovery which summarized all accidents involving falling merchandise reported by Costco customers nationwide from 1998 through 2000. For each customer accident reported during this period, the accident summary provided the following information: (1) region, (2) warehouse, (3) claim number, (4) date of accident, (5) name of customer, and (6) brief description of the accident.

Costco claims that the district court erred in allowing Grisim to testify about and rely upon the accident summary because the summary contained irrelevant information. Specifically, Costco argues that the accident summary was irrelevant to any issue in this case since it did not state whether the acci-

dents were the result of improperly stacked merchandise.

A trial court's decision to admit expert testimony is reviewed for an abuse of discretion. *State v. Merwin*, 131 Idaho 642, 645–46, 962 P.2d 1026, 1029–30 (1998). In this case the accident summary was not admitted into evidence. Rather, the accident summary was referred to by the expert as a basis for his opinion that Costco was on notice that it lacked adequate training procedures for its employees regarding the safe and proper stacking of store merchandise, and that this deficiency was an extreme deviation from industry standards of care. I.R.E. 703 allows an expert to rely on inadmissible evidence to form an opinion provided that it is of a type reasonably relied upon by experts in the particular field in forming opinions on the subject.[3] A trial court has discretion in allowing an expert to render an opinion based on inadmissible evidence so long as the opinion is reached through independent judgment. *Doty v. Bishara*, 123 Idaho 329, 336, 848 P.2d 387, 394 (1992). If the requirements of I.R.E. 703 are met, this Court need not consider whether the underlying evidence would be independently admissible. *See* I.R.E. 703. Costco's argument fails because it challenges the admissibility of the accident summary solely on the basis of its relevance, rather than on the basis of its compliance with I.R.E. 703.

Next, Costco argues that the district court erred in allowing Grisim to testify that as an expert it was his opinion that the accident summary listed approximately one hundred accident reports that were substantially similar to Vera's accident. According to Costco, this opinion had no factual foundation because Grisim did not review the underlying information to determine whether any of the accidents listed in the accident summary were caused by improperly stacked merchandise. A trial court's conclusion that evidence is supported by proper foundation is reviewed for abuse of discretion. *State v.*

*Groce*, 133 Idaho 144, 146, 983 P.2d 217, 219 (Ct.App.1999). Therefore, a trial court's determination as to the admission of evidence at trial will only be reversed where there has been an abuse of that discretion. *State v. Zimmerman*, 121 Idaho 971, 973–74, 829 P.2d 861, 863–64 (1992).

Grisim testified that he had reviewed the accident summary, and that experts in his field commonly relied upon such information in forming opinions. He also testified that the accident descriptions contained in the accident summary provided sufficient information for him to form an opinion as to whether any of the reported accidents were substantially similar to this accident. He based his determination of similarity solely on whether the accident involved falling stacks of boxes because this was the cause of Vendelin's accident. Based on this criterion, he testified that the accident summary contained approximately one hundred accident reports that were substantially similar to Vendelin's accident.

Grisim's opinion regarding the similarity between Vendelin's accident and approximately one hundred other accidents contained within the accident summary was supported by a proper foundation. The testimony establishes both the evidence and the methodology employed in forming the opinion. Any issue regarding the underlying cause of the accidents contained in the summary report goes to the weight of the opinion, rather than its admissibility. The district court did not err in allowing Mr. Grisim to offer his opinion regarding the similarity between Vendelin's accident and numerous other accidents listed in the summary report since this testimony was supported by a proper foundation.

Costco also claims that to the extent the summary report was relevant to any issue in this case its relevance was outweighed by its prejudicial effect, citing I.R.E. 403. Costco did not, however, raise this issue before the district court. This Court will

---

**3.** At the time of trial, I.R.E. 703 provided:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

not address issues not raised before the trial court. *Highland Enter., Inc. v. Barker,* 133 Idaho 330, 341, 986 P.2d 996 (1999) (citing *Schiewe v. Farwell,* 125 Idaho 46, 49, 867 P.2d 920, 923 (1993)).

## VI.

## THE DISTRICT COURT DID NOT ERR IN DENYING COSTCO'S MOTION FOR PARTIAL DIRECTED VERDICT ON THE ISSUE OF PUNITIVE DAMAGES

 Costco argues that the district court erred in denying its motion for a partial directed verdict as to the claim for punitive damages. While there was evidence to support a finding that Costco's conduct constituted a deviation from industry standards, Costco maintains that there was no evidence that its conduct demonstrated an extremely harmful state of mind. Costco also cites this Court's recent decision in *Griff, Inc. v. Curry Bean Co.,* 138 Idaho 315, 322, 63 P.3d 441, 448 (2003) for the following proposition:

> To recover punitive damages against a corporation, one must show that an officer or director participated in, or ratified, the conduct underlying the punitive damage award. *Manning v. Twin Falls Clinic & Hosp. Inc.,* 122 Idaho 47, 54, 830 P.2d 1185, 1192 (1992) (citations omitted).

### A. Standard of Review

 In determining whether a motion for a directed verdict or j.n.o.v. should have been granted, this Court applies the same standard as the court that originally passed on the motion. *Lunders v. Snyder,* 131 Idaho 689, 695, 963 P.2d 372, 378 (1998) (citation omitted). This Court exercises free review and does not defer to the findings of the trial court. *Id.* Therefore, this Court "must determine whether, admitting the truth of the adverse evidence and drawing every legitimate inference most favorably to the opposing party, there exists substantial evidence to justify submitting the case to the jury." *Gen. Auto Parts Co., Inc. v. Genuine Parts Co.,* 132 Idaho 849, 855, 979 P.2d 1207, 1213 (1999) (quoting *Herrick v. Leuzinger,* 127 Idaho 293, 297, 900 P.2d 201, 205 (Ct.App.

1995)). "The 'substantial evidence' test does not require the evidence be uncontradicted. It requires only that the evidence be of sufficient quantity and probative value that reasonable minds could conclude that a verdict in favor of the party against whom the motion is made is proper." *Id.* at 855, 979 P.2d at 1213 (quoting *All v. Smith's Mgmt. Corp.,* 109 Idaho 479, 480, 708 P.2d 884, 885 (1985)). Directed verdict is proper, then, "only where the evidence is so clear that all reasonable minds would reach only one conclusion: that the moving party should prevail." *Sheridan v. St. Luke's Reg'l Med. Ctr.,* 135 Idaho 775, 785, 25 P.3d 88, 98 (2001) (quoting *Student Loan Fund of Idaho v. Duerner,* 131 Idaho 45, 51, 951 P.2d 1272, 1278 (1997)).

### B. The district court properly submitted the issue of punitive damages to the jury.

 In actions seeking recovery of punitive damages, "the claimant must prove, by a preponderance of the evidence, oppressive, fraudulent, wanton, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted." I.C. § 6-1604(1). When reviewing the trial court's decision to submit the issue of punitive damages, this Court focuses on the sufficiency of the evidence. *Student Loan Fund of Idaho, Inc. v. Duerner,* 131 Idaho 45, 52, 951 P.2d 1272, 1279 (1998). The standard of review for punitive damages is to determine if the trial court abused its discretion in allowing the jury to consider punitive damages. *Id.* This Court has interpreted the abuse of discretion standard in the context of punitive damages as whether there was substantial evidence to support submitting the issue to the jury. *Id.*

> An award of punitive damages will be sustained on appeal only when it is shown that the defendant acted in a manner that was "an extreme deviation from reasonable standards of conduct, and that the act was performed by the defendant with an understanding of or disregard for its likely consequences." The justification of punitive damages must be that the defendant acted with an extremely harmful state of mind, whether that be termed "malice, op-

pression, fraud or gross negligence;" "malice, oppression, wantonness;" or simply "deliberate or willful."

*Cheney v. Palos Verdes Inv. Corp.,* 104 Idaho 897, 905, 665 P.2d 661, 669 (1983) (citations omitted). Additionally, the primary purpose behind an award of punitive damages is to deter similar conduct from happening in the future. *Walston v. Monumental Life Ins. Co.,* 129 Idaho 211, 221, 923 P.2d 456, 465 (1996).

█ There was substantial evidence to support submitting the issue of punitive damages to the jury. Vendelin's expert testified regarding the industry standard of care and concluded that Costco's conduct was an extreme deviation from this standard. He also testified that the accident summary prepared by Costco, which contained over nine hundred accidents involving falling merchandise reported by Costco customers nationwide from 1998 through 2000, was sufficient to put Costco on notice that it lacked adequate training procedures for the safe and proper stacking of store merchandise. A jury could find that Costco acted in a manner that was an extreme deviation from reasonable standards of conduct and that Costco performed this act with an understanding of or disregard for its likely consequences. "A corporation is liable for punitive damages based upon the acts of its agents if the directors and managing officers participated in, or authorized or ratified, the agent's acts." *Student Loan Fund of Idaho, Inc. v. Duerner,* 131 Idaho 45, 53, 951 P.2d 1272, 1280 (Ct. App.1997) (citation omitted). There is substantial evidence that Costco personnel are improperly trained, or not trained at all, in proper stocking techniques or in recognizing and correcting the hazards of falling merchandise. There is also substantial evidence from which to infer that this deviation was the cause of numerous accidents involving falling merchandise. The establishment of adequate employee training procedures is ultimately the responsibility of Costco's corporate management. Under the circumstances, Costco, as a corporation, was either aware or should have been aware that it lacked adequate training procedures and that this deficiency increased the likelihood that Costco customers would be injured by falling mer-

chandise. Therefore, the district court did not err in denying Costco's motion for a partial directed verdict and submitting the issue of punitive damages to the jury. Similarly there was sufficient evidence to support the verdict of the jury.

## VII.

### THE CHALLENGE TO THE JURY'S AWARD OF COMPENSATORY DAMAGES AS BEING EXCESSIVE WAS NOT RAISED IN THE DISTRICT COURT

█ Costco claims on appeal that the award of compensatory damages was excessive in light of the fact that Vendelin's medical costs amounted to less than $17,000. Costco also points to the evidence that established that Vendelin had a twenty-five year history of back problems and her doctor testified that fifty percent of the current back pain should be attributed to her preexisting condition. Thus, Costco claims that there was no basis for the jury to award $161,058.44 in consequential damages.

Costco also claims that the jury's award of over $400,000 in punitive damages was not only excessive, "but clearly is a result of bias and prejudice against Costco, not only as a single company, but as a representative of all that is wrong with corporate America." In support of its argument, Costco cites statements made by Vendelin's counsel during opening and closing statements to the jury in which he referred to Costco's worldwide status and asked the jury to "send a message" that would resonate in today's world of corporate greed. Costco claims that Vendelin's counsel was attempting to appeal to the passion or prejudice of the jury and that the jury's award of punitive damages should have "shocked the conscience" of the district court.

Costco did not assert before the district court that the jury's awards of punitive and compensatory damages were excessive pursuant to I.R.C.P. 59(a)(5) or upon any other basis that would allow this Court to address the amounts of those awards on appeal. *See State v. Fodge,* 121 Idaho 192, 195, 824 P.2d

123, 126 (1992) (Issues not raised before the trial court may not be considered for the first time on appeal.). Accordingly, this Court will not consider whether the jury's awards of damages were excessive.

## VIII.

## THE ASSERTION THAT THE AWARD OF PUNITIVE DAMAGES OFFENDS DUE PROCESS WAS NOT RAISED IN DISTRICT COURT

█ Costco argues that the jury's award of punitive damages was not only an injustice and the result of passion or prejudice, but also offends the concept of due process as established by the United States Supreme Court and the Idaho Supreme Court. *See TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 113 S.Ct. 2711, 125 L.Ed.2d 366 (1993); *Walston v. Monumental Life Insurance Co.*, 129 Idaho 211, 923 P.2d 456 (1996). Costco also cites *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) in which the U.S. Supreme Court noted that a punitive damage award violates the due process clause if it can be categorized as "grossly excessive" in relation to the state's legitimate interests in punishing unlawful conduct and deterring its repetition. According to Costco, the U.S. Supreme Court in *BMW* stated in considering the amount of punitive damages the fact finder could not rely on out-of-state conduct but must base any award solely on the conduct that occurred within the state. Additionally, in setting the guideposts regarding the magnitude of the sanction, the Court noted that the most important factor was the degree of reprehensibility.

According to Costco, the jury's award violated both of the above principles, because there was no evidence that Costco's conduct demonstrated a high degree or reprehensibility and the jury was allowed to consider Costco's extraterritorial conduct in considering the appropriate amount of punitive damages to award.

█ Costco did not assert this issue before the district court. Issues not raised

before the trial court may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Even issues involving the Constitution are generally not considered on appeal unless they are properly raised below. *State v. Bowman*, 124 Idaho 936, 940, 866 P.2d 193, 197 (Ct.App.1993). In this case, Costco never raised to the district court issue of whether the award of punitive damages violated due process standards based on the United States Supreme Court's decision in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) and this Court's decision in *Walston v. Monumental Life Ins. Co.*, 129 Idaho 211, 923 P.2d 456 (1996). The Court will not consider the issue on appeal.

## IX.

## THE DISTRICT COURT DID NOT ERR IN REFUSING TO GIVE COSTCO'S REQUESTED JURY INSTRUCTIONS

Costco claims that the trial court erred in instructing the jury on the issue of punitive damages pursuant to Vendelin's proposed jury instructions, rather than the instruction proposed by Costco.[4]

### A. Standard of Review

█ "Appellate courts exercise free review over the question of whether a jury has been properly instructed." *Schaefer v. Ready*, 134 Idaho 378, 381, 3 P.3d 56, 59 (Ct.App.2000). "The standard of review for issues concerning jury instructions is limited to a determination whether the instructions, as a whole, fairly and adequately present the issues and state the law. When the instructions, taken as a whole, do not mislead or prejudice a party, an erroneous instruction does not constitute reversible error." *Silver Creek Computers, Inc. v. Petra, Inc.*, 136 Idaho 879, 882, 42 P.3d 672, 675 (2002) (citations omitted).

### B. The district court did not err in not giving Costco's proposed jury instruction.

█ Costco claims that the district court erred in not giving the jury its request-

**4.** Costco's proposed jury instruction, number 36, is not contained in the record on appeal.

ed jury instruction regarding the harmful mental state required to justify an award of punitive damages. As the appealing party, Costco carries the burden of showing that the district court committed error. *See Western Community Ins. Co. v. Kickers, Inc.,* 137 Idaho 305, 306, 48 P.3d 634, 635 (2002).

 Costco claims that the district court's jury instruction relating to punitive damages misled the jury because it contained a requirement that the jury find Costco's acts to have been committed with "an extremely harmful state of mind," as required by prior decisions of this Court. "Whenever the latest edition of the Idaho Jury Instructions (IDJI) contains an instruction applicable to the case and the court determines that the jury should be instructed on the issue, it is recommended that the judge use the IDJI instruction unless the judge finds that a different instruction would more adequately, accurately or clearly state the law." I.R.C.P. 51(a)(2). Use of the IDJI is not mandatory, only recommended. *Needs v. Hebener,* 118 Idaho 438, 442, 797 P.2d 146, 150 (Ct.App. 1990). However, any court that chooses to vary from a jury instruction previously approved by the Idaho Supreme Court does so with the risk that the verdict rendered may be overturned on appeal. *See State v. Merwin,* 131 Idaho 642, 647, 962 P.2d 1026, 1031 (1998). While it clearly is not error to modify an IDJI instruction, such modification will constitute error if the modified instruction does not conform to the state of the law or omits elements basic to the case. *Ramco v. H–K Contractors, Inc.,* 118 Idaho 108, 111, 794 P.2d 1381, 1384 (1990).

In this case, the district court's instruction on punitive damages was based on I.D.J.I. 921, which provides:

> If you find that the defendant's act(s) which proximately caused injury to the plaintiff (was) (were) an extreme deviation from reasonable standards of conduct and that (this) (these) act(s)(was) (were) performed by the defendant with [malice] [fraud] [oppression] [wantonness] [gross negligence], you may, in addition to any compensatory damages to which you find the plaintiff entitled, award to plaintiff an

amount which will punish the defendant and deter the defendant and others from engaging in similar conduct in the future. (You have been permitted to hear evidence pertaining to defendant's wealth and financial condition. This evidence was admitted for your consideration only with reference to the question of exemplary or punitive damages in light of all other evidence before you if you determine that such an award should be made in this case.)

I.D.J.I. 921 does not contain the phrase "an extremely harmful state of mind." Nevertheless, both this Court and the Idaho Court of appeals have approved the use of I.D.J.I. 921 in cases involving punitive damages. *See e.g. Spence v. Howell,* 126 Idaho 763, 890 P.2d 714 (1995); *O'Dell v. Basabe,* 119 Idaho 796, 810 P.2d 1082 (1991); *Schaefer v. Ready,* 134 Idaho 378, 3 P.3d 56 (Ct.App.2000); *O'Neil v. Vasseur,* 118 Idaho 257, 796 P.2d 134 (Ct.App.1990). Thus, the district court's failure to include Costco's requested instruction regarding the "extremely harmful mental state" required to sustain an award of punitive damages did not constitute instructional error.

 Costco claims that the district court improperly defined the term "wantonness." The district court's instruction stated that, "[w]anton misconduct is present if the defendant intentionally does or fails to do an act, knowing or having reason to know facts which would lead a reasonable man to realize that his conduct not only creates unreasonable risk of harm to another, but involves a high degree of probability that such harm would result." Costco did not, however, object to this jury instruction at trial. This does not necessarily preclude Costco from challenging the instruction on appeal. *Country Ins. Co. v. Agricultural Dev. Inc.,* 107 Idaho 961, 963–64, 695 P.2d 346, 348–49 (1984); *Suitts v. First Security Bank of Idaho,* 110 Idaho 15, 19–20, 713 P.2d 1374, 1378–79 (1985). Nevertheless, because of the particular facts of this case, Costco's conduct constitutes invited error. "It has long been the law in Idaho that one may not successfully complain of errors one has acquiesced in or invited." *State v. Owsley,* 105 Idaho 836, 838, 673 P.2d 436, 438 (1983).

Costco's failure to object to the district court's instruction regarding punitive damages does not appear to be a mere technical oversight. The record reflects that during the discussion of jury instruction the parties were expressly given the opportunity to object. Costco's attorneys took advantage of that opportunity by arguing that the district court's instruction on punitive damages improperly omitted reference to the "extremely harmful mental state" required to support an award of punitive damages. On appeal, Costco challenges the district court's definition of the term "wantonness" for essentially the same reasons as it challenges the omission of the phrase "extremely harmful mental state" in the court's instructions. In both cases Costco is claiming that the instructions fail to adequately instruct the jury on the issue of mental state. Costco had both the motivation and opportunity to object to the district court's definition of the term "wantonness" at trial, and its failure to do so constituted invited error. The Court will not find reversible error in the district court's definition of the term "wantonness."

■■■ Finally, Costco claims that the district court erred in not defining the term "outrageousness," as used in the instruction on punitive damages, thereby placing too much emphasis on the term "wantonness." Costco did not, however, request that the term "outrageousness" be defined to the jury by an additional instruction. The term is self-defining. Costco has failed to establish that the district court committed error in the instructions.

## X.

### VENDELIN IS AWARDED ATTORNEY FEES AND COSTS ON APPEAL PURSUANT TO I.C. § 12–121

■■■ Vendelin requests attorney fees and costs on appeal pursuant to I.C. § 12–121 which provides that, "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties...." Such an award is appropriate when this Court has the abiding belief that the appeal was brought or defended frivolously, unreasonably or without foundation. *Minich v.*

*Gem State Developers, Inc.,* 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979). "When deciding whether the case was brought or defended frivolously, unreasonably, or without foundation, the entire course of the litigation must be taken into account. Thus, if there is a legitimate, triable issue of fact, attorney fees may not be awarded under I.C. § 12–121 even though the losing party has asserted factual or legal claims that are frivolous, unreasonable, or without foundation." *Nampa & Meridian Irrigation Dist. v. Washington Fed. Savings,* 135 Idaho 518, 524–25, 20 P.3d 702, 708–09 (2001). Where the issues raised on appeal involve well-settled principles of law, the appeal is frivolous and without foundation. *See Blaser v. Cameron,* 121 Idaho 1012, 1018, 829 P.2d 1361, 1367 (Ct. App.1991).

Many of Costco's arguments on appeal challenge the district court's decision to submit the issue of punitive damages to the jury. These decisions were discretionary and supported by substantial evidence contained in the record. Costco has not presented evidence which undermines the sufficiency of this evidence or requires a reversal of the district court's decision in this regard. Additionally, Costco's challenges to the filing of the amended complaint and the reliance of Vendelin's expert upon the accident summary are not supported by the facts and have no basis in the law. Finally, Costco raises many issues, which were not raised before the district court, and thus, were not properly before this Court on appeal. Accordingly, Costco's appeal was unreasonable, and Vendelin is entitled to recover attorney fees pursuant to I.C. § 12–121.

## XI.

### CONCLUSION

The judgment entered in the district court is affirmed. Vendelin is awarded attorney fees and costs on appeal.

Justices KIDWELL, EISMANN and BURDICK and Pro Tem Justice WALTERS, concur.